MATTHEW J. SHIER (SBN: 72638)
JEREMY W. KATZ (SBN: 119418)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for
TV-32 DIGITAL VENTURES INC.,
Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 09-58098 ASW 11 |
| TV-32 DIGITAL VENTURES INC., a California corporation, Tax ID: 20-1198608 | Chapter 11 |
| | Petition Filed: September 23, 2009 |
| Debtor. | **Disclosure Statement Hearing:** |
| | Date: **February 5, 2010** <br> Time: **2:00 p.m.** <br> Place: United States Courthouse, Room 3020 <br> 280 South First Street <br> San Jose, CA 95113-3099 <br> The Honorable Arthur S. Weissbrodt |

## DEBTOR'S CHAPTER 11 PLAN

### INTRODUCTION

TV-32 DIGITAL VENTURES INC. ("Debtor," "TV-32" or "Company") hereby submits its Chapter 11 Plan (as it may be amended or modified hereafter, the "Plan") pursuant to the provisions of Title 11 of the United States Code.

/ / /

/ / /

# ARTICLE 1.
# DEFINED TERMS

For purposes of the Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings set forth in the list of definitions, attached hereto, marked "Exhibit A" and made a part hereof. Any term used in the Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, will have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

# ARTICLE 2.
# ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS

**2.1. Administrative Claims.** Each holder of an Allowed Administrative Claim (other than a claim described in Section 2.3) against the Debtor shall receive payment on the Distribution Date of Cash in an amount equal to the unpaid portion of such Allowed Administrative Claim; *provided, however*, that Allowed Administrative Claims against the Debtor representing liabilities incurred in the ordinary course of business during the Chapter 11 Case or liabilities arising under loans or advances to or other obligations incurred by the Debtor that were authorized and approved by the Bankruptcy Court shall be paid and performed by the Debtor in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto.

**2.2. Bar Date for Administrative Claims.** Each holder of an Administrative Claim (other than a claim described in Section 2.3) against the Debtor shall file a request for allowance and payment of such claim with the Bankruptcy Court and serve such request upon counsel for the Debtor and each Official Committee no later than thirty days after the Effective Date (the "Administrative Bar Date"). Unless the Debtor objects to an Administrative Claim within thirty days after the Administrative Bar Date, such Administrative Claim shall be deemed to be Allowed in the amount requested. In the event that the Debtor objects to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

Notwithstanding the foregoing, no request for payment of an Administrative Claim need be filed with respect to an Administrative Claim which is paid or payable by the Debtor in the ordinary course of its business, allowed by prior order of the Bankruptcy Court or for fees due to the United States Trustee under chapter 123 of title 28 of the United States Code, 28 U.S.C. §§ 1911-1930.

**2.3. Professional Compensation and Expense Reimbursement Claims.** Any Person seeking an award by the Bankruptcy Court of an Allowed Administrative Claim on account of Professional Fees or services rendered or reimbursement of expenses incurred through and including the Effective Date under sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code, shall file a final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Confirmation Date no later than the Administrative Bar Date. To the extent that such an award is granted by the Bankruptcy Court, the requesting Person shall receive, (i) payment on the Distribution Date of Cash in an amount equal to the amount allowed by the Bankruptcy Court, (ii) payment on such other terms as may be mutually agreed upon by the holder of the Allowed Administrative Claim and the Debtor or (iii) payment in accordance with the terms of any applicable administrative procedures order entered by the Bankruptcy Court. All Professional Fees for services rendered in connection with the Chapter 11 Case and the Plan after the Confirmation Date including, without limitation, those relating to the occurrence of the Effective Date, the prosecution of causes of action preserved hereunder and the resolution of Disputed Claims, shall be paid by the Debtor upon receipt of an invoice therefor, or on such other terms as such Debtor may agree to, without the requirement of further Bankruptcy Court authorization or entry of a Final Order.

**2.4. Priority Tax Claims.** Each holder of an Allowed Priority Tax Claim against the Debtor shall receive the Allowed Amount thereof in full no later than the first day of the month immediately following the date which is 36 MONTHS from the Effective Date.

///

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

# ARTICLE 3.

# CLASSIFICATION OF CLAIMS AND INTERESTS; IMPAIRMENT

**3.1 Classification.** The following is a designation of the classes of claims and interests in the plan. Administrative expense claims and priority tax claims (that is, the nonclassified priority claims) have not been classified and are excluded from the following classes, in accordance with the provisions of section 1123(a)(1) of the Bankruptcy Code. The treatment accorded administrative expense claims and priority tax claims is set forth in Article III of the Plan. Consistent with the provisions of section 1122 of the Bankruptcy Code, a claim or interest shall be deemed classified by the plan in a particular class only to the extent that the claim or interest qualifies within the description of that class, and shall be deemed classified in a different class to the extent that the claim or interest qualifies within the description of that different class. A claim or interest is in a particular class only to the extent that the claim or interest is an Allowed Claim or allowed interest in that class, as the case may be.

**3.1.1 Class A (priority claims)** consists of all priority claims, if any, other than nonclassified priority claims.

**3.1.2 Class B1 (secured claim)** consists of the secured claim of **Santa Clara County Tax Collector**.

**3.1.3 Class B2 (secured claim)** consists of the secured claim of **Sterling Savings Bank, Successor in Interest by Merger to Sonoma National Bank**.

**3.1.4 Class B3 (secured claim)** consists of the secured claim of **Capital Access Group guaranteed by the United States of America Small Business Administration**.

**3.1.5 Class C (general unsecured claims)** consists of all unsecured claims other than nonclassified priority claims.

**3.1.6 Class D (equity interests)** consists of the shareholder interests in the Debtor.

**3.2 Impairment.** Under the terms of the plan, all Allowed Claims and

5181.001      4      **DEBTOR'S CHAPTER 11 PLAN**

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

Case: 09-58098    Doc# 31    Filed: 12/22/09    Entered: 12/22/09 12:41:05    Page 4 of 19

Allowed Interests are impaired.

## ARTICLE 4.

## TREATMENT OF IMPAIRED CLASSES

**4.1   Class A (Priority other than Priority Non-Classified Claims).** The holders of Class A Claims are not impaired because they shall be paid in full to the extent of the Allowed amount thereof on the Distribution Date.

**4.2   Class B1.** The holder of the Class B1 Claim shall receive full payment of its Allowed Secured Claim no later than the first day of the month immediately following the date which is 36 MONTHS from the Effective Date. Pending payment in full as provided herein, the holder of the Class B1 Claim shall retain its lien against the Real Property. The holder of the Class B1 Claim shall be free to enforce its state law remedies to foreclose its Allowed Secured Claim if not paid in full as provided herein.

**4.3   Class B2.** The holder of the Class B2 Claim shall receive full payment of its Allowed Secured Claim no later than the first day of the month immediately following the date which is 36 MONTHS from the Effective Date. Pending payment in full as provided herein, the holder of the Class B2 Claim shall retain its lien against the Real Property and shall receive the Net Cash Flow from the Real Property. The holder of the Class B2 Claim shall be free to enforce its state law remedies to foreclose its Allowed Secured Claim if not paid in full as provided herein.

**4.4   Class B3.** The holder of the Class B3 Claim shall receive full payment of its Allowed Secured Claim no later than the first day of the month immediately following the date which is 36 MONTHS from the Effective Date. Pending payment in full as provided herein, the holder of the Class B3 Claim shall retain its lien against the Real Property. The holder of the Class B3 Claim shall be free to enforce its state law remedies to foreclose its Allowed Secured Claim if not paid in full as provided herein.

**4.5   Class C.** The holders of Class C Claims shall receive full payment of their

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

Allowed Claims no later than the first day of the month immediately following the date which is 36 MONTHS from the Effective Date.

**4.6 Class D (Interests).** The sole Class D Interest Holder shall retain his shareholder interest in the Debtor which is not impaired under the Plan.

**4.7 The term 36 MONTHS** shall mean 36 months or such other period of time as the Court determines is non-discriminatory and fair and equitable within the meaning of 11 U.S.C. § 1129(b) based upon its determination of the value of the Real Property and the Allowed Amount of the Class B1, B2 and B3 Secured Claims.

## ARTICLE 5.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**(a) Assumptions/Rejections Generally.** Except as otherwise provided in the Plan or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, on the Effective Date, pursuant to section 365 of the Bankruptcy Code, the Debtor shall assume/reject the unexpired leases and/or executory contracts, as to which, Debtor is not in default, as indicated below:

To the extent they are deemed to be executory contracts or unexpired leases, the following described non-residential tenancies of the Real Property commonly known as all land and improvements situated at 1010 Corporation Way Palo Alto, CA 94303-4304 shall be assumed:

| Tenant | Lessor | Rent | Lease Termination Date |
|---|---|---|---|
| KMTP-TV | Debtor | $ 2,500/mo. | Month-to-month |
| New Tang Dynasty TV | Debtor | $ 3,172/mo. | Month-to-month |
| Epoch Times | Debtor | $2,345/mo. | Month-to-month |
| AIM Broadcasting, Inc | Debtor | $350/mo. | Month-to-month |

Each contract or lease assumed pursuant to this Section 5.2 shall be assumed only to the extent that any such contract or lease constitutes an executory contract or unexpired lease within the meaning of 11 U.S.C. §365.

**(b) Approval of Assumptions.** The Confirmation Order shall constitute an order

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

Case: 09-58098    Doc# 31    Filed: 12/22/09    Entered: 12/22/09 12:41:05    Page 6 of 19

of the Bankruptcy Court approving the assumptions/rejection described in this Section 5.2, pursuant to section 365 of the Bankruptcy Code.

(c) **Bar Date for Lease Rejection Claims.** The last date to file a proof of claim arising from a rejected lease shall be the Effective Date. The Debtor does not contemplate any lease rejection claims.

## ARTICLE 6.

**6.1 Intentionally Left Blank**.

## ARTICLE 7.

## IMPLEMENTATION OF THE PLAN

**7.1 General Distribution Provisions.**

(a) **Distribution Address.** All distributions under the Plan shall be made by the Disbursing Agent (i) if a proof of Claim is filed in respect of a particular Claim, to the holder, as of the Effective Date, of each Allowed Claim at the address of such holder set forth in the relevant proof of claim, as such address may have been updated pursuant to Bankruptcy Rule 2002(g), (ii) if no proof of claim is filed in respect of a particular Claim, to the holder, as of the Effective Date, of each Allowed Claim at the address set forth in the Debtor's Schedules, as such address may have been updated pursuant to Bankruptcy Rule 2002(g) or (iii) to the holder, as of the Effective Date, of each Allowed Interest at the address of such holder as listed in the equity interest ledger maintained by or on behalf of the Debtor as of the Effective Date. Nothing contained in the Plan will require the Disbursing Agent to attempt to locate any holder of an Allowed Claim or Allowed Interest.

(b) **Distributions to Holders as of the Effective Date.** As of the Effective Date, the respective transfer registers for Claims and Interests, as maintained by the Debtor or its agents, will be closed. The Disbursing Agent shall instead be entitled to recognize and deal for all purposes under the Plan with only those record holders stated on the official claims register (for Claims) and official transfer ledgers (for Interests) as of the close of business on the Effective

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5181.001　　　　　　　　　　　　　7　　　　　　　　　　　**DEBTOR'S CHAPTER 11 PLAN**

Case: 09-58098    Doc# 31    Filed: 12/22/09    Entered: 12/22/09 12:41:05    Page 7 of 19

Date.

**(c) Plan Distributions.** On the Distribution Date, the Disbursing Agent shall make all distributions or notifications contemplated under the Plan to the holder, as of the Effective Date, of each Allowed Claim or Allowed Interest at the Distribution Address of such holder. Except as otherwise specified herein, payments made pursuant to the Plan will be in Cash by checks drawn on a domestic bank, or by wire transfer from a domestic bank, in each case at the option of the Disbursing Agent; *provided, however,* that Cash payments to foreign holders of Allowed Claims may be made, at the option of the Disbursing Agent, in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.

**(d) Distributions on Non-Business Days.** Any payment or distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

**(e) No Distribution Pending Allowance—Reserve for Disputed Claims.** Notwithstanding any other provision of the Plan, no Cash or other property shall be distributed under the Plan on account of any Disputed Claim or Disputed Interest, unless and until such Claim becomes an Allowed Claim or Allowed Interest; provided, however, that the full amount of such Claim shall be reserved pending the Court's determination of the Allowed amount thereof.

(**f) No Distribution in Excess of Allowed Amount of Claim.** Notwithstanding anything to the contrary herein, no holder of an Allowed Claim shall receive in respect of such Claim any distribution in excess of the Allowed amount of such Claim, except that the foregoing shall not limit holders of Disputed Claims from receiving accrued interest as provided in the Plan, if that holder's Disputed Claim becomes Allowed.

**(g) Setoffs.** The Debtor is authorized, pursuant to section 553 of the Bankruptcy Code, to set off against any Allowed Claim or Allowed Interest and the distributions to be made on account of such Allowed Claim or Allowed Interest, the claims, rights and causes of action of any nature that the Debtor may hold against the holder of such Allowed Claim or Allowed Interest; *provided, however,* that neither the failure to effect such a setoff nor the allowance of

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5181.001　　　　　　　　　　8　　　　　　　　　　**DEBTOR'S CHAPTER 11 PLAN**

any Claim or Interest hereunder shall constitute a waiver or release by the Debtor of any such claims, rights and causes of action that the Debtor may possess against such holder.

**(h) Withholding Taxes.** In connection with the consummation of the Plan, the Debtor shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions hereunder shall be subject to any such withholding and reporting requirements.

**(i) Obligations Incurred After the Effective Date.** Payment obligations incurred after the date and time of entry of the Confirmation Order, including, without limitation, the Professional Fees of the Debtor through the Effective Date, shall not be subject to application or proof of Claim and may be paid by the Debtor in the ordinary course of business and without further Bankruptcy Court approval, as Administrative Claims.

**7.2     Method of Making Distributions to Disputed Claims and Disputed Interests.**

**(a) Distributions Upon Allowance of Disputed Claims and Disputed Interests.** Disputed Claims or Disputed Interests that become Allowed after the Effective Date shall receive the distribution set forth in the applicable section of Article 4.

**(b) Resolution of Disputed Claims and Disputed Interests.** No distribution or payment shall be made on account of a Disputed Claim or Disputed Interest unless and until such Disputed Claim or Disputed Interest becomes an Allowed Claim or Allowed Interest.

**ARTICLE 8.**

**DISCHARGE, TERMINATION, INJUNCTION AND RELEASES**

**8.1.     Discharge of Debtor.** Except as otherwise expressly provided in the Plan or the Confirmation Order, the Confirmation of the Plan shall, as of the Effective Date, discharge the Debtor from all Claims, demands, liabilities, other debts and Interests to the extent authorized and as provided in section 1141 of the Bankruptcy Code.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

Case: 09-58098    Doc# 31    Filed: 12/22/09    Entered: 12/22/09 12:41:05    Page 9 of 19

**8.2 Injunction Related to the Discharge.** Except as otherwise provided in the Plan or the Confirmation Order, all entities that have held, currently hold, or may hold Claims or other debts or liabilities against the Debtor, or an Interest or other right of an equity security holder in any or all of the Debtor, that are discharged pursuant to the terms of the Plan are permanently enjoined, on and after the Effective Date, from taking any of the following actions on account of any such Claims, debts, liabilities or Interests or rights: (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim, debt, liability, Interest or right, other than to enforce any right to a distribution pursuant to the Plan; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against the Debtor or its property or interests in property, on account of any such Claim, debt, liability, Interest or right; (iii) creating, perfecting, or enforcing any Lien or encumbrance against the Debtor, or its property or interests in property on account of any such Claim, debt, liability, Interest or right; (iv) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor or against its property or interests in property on account of any such Claim, debt, liability, Interest or right; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. Such injunction shall extend to any successor of the Debtor and its respective property and interests in property. Any entity injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' and experts' fees and disbursements, and, in appropriate circumstances, may recover punitive damages, from the willful violator.

**8.3 Term of Bankruptcy Injunction or Stays.** All injunctions or stays provided for in the Chapter 11 Case, whether under sections 105 or 362 of the Bankruptcy Code or otherwise, and in existence on the Effective Date, shall remain in full force and effect until the Effective Date.

///

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5181.001　　　　　10　　　　　**DEBTOR'S CHAPTER 11 PLAN**

Case: 09-58098    Doc# 31    Filed: 12/22/09    Entered: 12/22/09 12:41:05    Page 10 of 19

# ARTICLE 9.

# CONDITIONS TO EFFECTIVE DATE

**9.1. Intentionally Left Blank**.

**9.2 Conditions to the Effective Date.** The following are conditions precedent to, or shall occur simultaneously with, the Effective Date:

(a) **Confirmation Order.** A Confirmation Order shall have been entered by the Bankruptcy Court and become a Final Order.

(b) **No Revocation.** No request for revocation of the Confirmation Order under section 1144 of the Bankruptcy Code shall be pending as of the Effective Date or, if such a request has been made, then such request shall have been denied by a Final Order.

(c) **Other.** All actions, other documents and agreements necessary to implement the Plan shall be executed and delivered on the Effective Date.

**9.3 Effect of Failure of Conditions.** In the event that the conditions specified in Sections 9.1 and 9.2 have not been satisfied on or before the date thirty days following the Effective Date, then upon written notification filed by the Debtor with the Bankruptcy Court and served upon all creditors, interest holders and the Office of the United States Trustee, (a) the Confirmation Order shall be vacated, (b) no distributions under the Plan shall be made, (c) the Debtor and all holders of Claims and Interests shall be restored to the status quo ante as of the day immediately preceding the Effective Date as though the Confirmation Date had never occurred, and (d) all the Debtor's obligations with respect to the Claims and Interests shall remain unchanged and nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor.

/ / /

/ / /

/ / /

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

# ARTICLE 10.

# ADMINISTRATIVE PROVISIONS

**10.1. Retention of Jurisdiction.** The Bankruptcy Court shall have jurisdiction of all matters arising out of, and related to, the Chapter 11 Case and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(a) To hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases, and the allowance of Claims resulting therefrom;

(b) To determine any and all applications, adversary proceedings and contested matters commenced in connection with the Chapter 11 Case, whether commenced prior to or after the Effective Date;

(c) To hear and determine any objections to Administrative Claims or to other Claims or any controversies as to the classification of any Claims, provided that only the Debtor may file objections to Claims;

(d) To liquidate, or address any issue involving, any Disputed Claim or Disputed Interest;

(e) To determine any Claim of or liability to a governmental unit that may be asserted as a result of the transactions contemplated herein;

(f) To enter and implement such orders as may be necessary or appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

(g) To issue such orders in aid of execution of the Plan as may be necessary or appropriate to carry out its intent and purpose or to implement the Plan; or in furtherance of the discharge, to the extent authorized by section 1142 of the Bankruptcy Code;

(h) To consider any modifications of the Plan, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order as may be necessary to carry out its purpose and the intent of

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

the Plan;

    (i)    To hear and determine all applications by Professionals for compensation and reimbursement of expenses;

    (j)    To ensure that distributions and rights granted to holders of Allowed Claims and **Allowed** Interests are accomplished as provided herein;

    (k)    To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan;

    (l)    To enforce the Plan, the Confirmation Order and any other order, judgment, injunction or ruling entered or made in the Chapter 11 Case;

    (m)    To recover all assets of the Debtor and all property of their Estates, wherever located;

    (n)    To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

    (o)    To determine the validity, extent, priority and avoidability of Liens and other encumbrances;

    (p)    To hear any other matter not inconsistent with the Bankruptcy Code; and

    (q)    To enter a final decree closing the Chapter 11 Case.

## ARTICLE 11.

## MISCELLANEOUS PROVISIONS

**11.1. Employment and Payment of Debtor's Professionals After Effective Date.** The Debtor may employ and pay professionals, including any Professionals retained in the Chapter 11 Case, with respect to services to be rendered after the Effective Date, including services in connection with the implementation and consummation of the Plan, without further order of the Bankruptcy Court.

**11.2. Amendment or Modification of Plan.** Alterations, amendments or modifications of the Plan may be proposed in writing by the Debtor at any time prior to the

Confirmation Date, if the Plan, as altered, amended or modified, satisfies the conditions of sections 1122 and 1123 of the Bankruptcy Code, and the Debtor has complied with section 1125 of the Bankruptcy Code. The Plan may be altered, amended or modified at any time after the Confirmation Date and before the Effective Date, provided that the Plan, as altered, amended or modified, satisfies the requirements of sections 1122 and 1123 of the Bankruptcy Code, and the Bankruptcy Court after notice and hearing confirms the Plan as altered, amended or modified. A holder of a Claim or Interest that has accepted the Plan shall be deemed to have accepted the Plan as altered, amended or modified if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim or Interest of the holder. Otherwise, the Debtor may alter, amend or modify the treatment of Claims and Interests provided for under the Plan only if the holders of Claims or Interests affected thereby agree or consent to any such alteration, amendment or modification.

**11.3 Severability.** In the event that the Bankruptcy Court determines, prior to the Confirmation Date, that any provision in the Plan is invalid, void or unenforceable, the Debtor may, at its option, (a) treat such provision as invalid, void or unenforceable with respect to the holder or holders of such Claims or Interests as to which the provision is determined to be invalid, void or unenforceable, in which case such provision shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan, or (b) alter, amend, revoke, or withdraw the Plan.

**11.4 Inconsistency.** Except as provided in the following sentence, in the event of any inconsistency between the Plan, any exhibit to the Plan or any other instrument or document created or executed pursuant to the Plan, the Plan shall govern. In the event of any inconsistency between the Plan, any exhibit thereto or any other instrument or document created or executed pursuant to the Restructuring Documents, the Plan shall govern.

**11.5 Revocation or Withdrawal of Plan.** The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date. If the Debtor revokes or withdraws the Plan

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

prior to the Confirmation Date, then the Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor.

**11.6 Governing Law.** Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, or other federal laws apply, and except for assumed executory contracts or unexpired leases governed by another jurisdiction's law, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of California, without giving effect to the principles of conflicts of law thereof.

**11.7 Binding Effect.** Except as otherwise provided in section 1141(d) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall be binding upon and inure to the benefit of the Debtor, any holder of a Claim against, or Interest in, the Debtor and their respective successors and assigns, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

**11.8 Headings.** Captions and headings to Articles and Sections are used in the Plan for convenience and reference only and are not intended to be a part of or to affect the interpretation of the Plan.

**11.9 Notices.** Any notice required or permitted to be provided under the Plan shall be in writing and served by either (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery, (c) facsimile or (d) reputable overnight delivery service, freight prepaid. If to the Debtor, any such notice shall be directed to the following at the addresses set forth below:

MATTHEW J. SHIER
JEREMY W KATZ
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Email: mshier@pinnaclelawgroup.com

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5181.001  15  **DEBTOR'S CHAPTER 11 PLAN**

Case: 09-58098   Doc# 31   Filed: 12/22/09   Entered: 12/22/09 12:41:05   Page 15 of 19

# ARTICLE 12.

# CONVERSION

**12.    CONVERSION TO CHAPTER 7.**

In the event this case is converted to Chapter 7 following confirmation, all property of the Debtor's Chapter 11 estate prior to confirmation shall revest in the Debtor's Chapter 7 estate.

Dated: December 22, 2009            TV-32 DIGITAL VENTURES INC.


By: /s/ Booker T. Wade
    BOOKER T. WADE
    Designated Responsible Person

Submitted By:

PINNACLE LAW GROUP LLP


By: /s/ Matthew J. Shier
    MATTHEW J. SHIER
    Attorneys for Debtor

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5181.001                    16                    **DEBTOR'S CHAPTER 11 PLAN**

Case: 09-58098    Doc# 31    Filed: 12/22/09    Entered: 12/22/09 12:41:05    Page 16 of 19

# EXHIBIT A

# Definitions

*12.1* **Administrative Bar Date** shall have the meaning set forth in Section 2.2.

*12.2* **Administrative Claim** means a Claim for costs and expenses of administration allowed under sections 503(b), 507(b) or 11 14(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses incurred after the Petition Date of preserving the respective Estates and operating the businesses of the Debtor; (b) the costs of curing defaults under leases and executory contracts assumed pursuant to Article VII; (c) compensation for legal, financial advisory, accounting and other services and reimbursement of expenses awarded or allowed under section 330(a) or 331 of the Bankruptcy Code; and (d) all fees and charges assessed against the Estates under chapter 123 of title 28, United States Code, 28 U.S.C. §§ 1911-1930.

*12.3* **Allowed** means an Allowed Claim or an Allowed Interest in a particular Class or specified category.

*12.4* **Allowed Claim** means:

(a) a Claim against the Debtor, proof of which was filed on or before the Bar Date, as to which no Objection has been timely interposed; or

(b) a Claim against the Debtor, for which no proof of Claim or motion for allowance of Claim was filed on or before the Bar Date, that has been or hereafter is listed by the Debtor in its Schedules (as such Schedules may be amended from time to time) as liquidated in amount and not disputed or contingent as to liability, and as to which no Objection has been timely interposed; or

(c) any other Claim against the Debtor, to the extent that such Claim has been allowed (i) by a Final Order (including any such order that is termed "Stipulation and Order"); or (ii) pursuant to the express terms of the Plan.

*12.5* **Allowed Interest** means an Interest that (a) was listed as of the Effective Date in the Debtor's books and records or otherwise acknowledged by the Debtor and (b) either (i) has not been the subject of any Objection or (ii) has been allowed (A) by a Final Order (including any such order that is termed "Stipulation and Order") or (B) pursuant to the express terms of the Plan.

*12.6* **Bankruptcy Code** means title 11 of the United States Code, as amended from time to time, as applicable to the Chapter 11 Case as filed on the Petition Date. No amendment to the Bankruptcy Code enacted after the Petition Date shall be applicable to this Chapter 11 Case except to the extent that a statute expressly provides that the amendment shall have retroactive effect to cases pending on the Petition Date.

*12.7* **Bankruptcy Court** *or the Court* means the United States Bankruptcy Court for the Northern District of California.

*12.8* **Bankruptcy Rules** means, collectively, the Federal Rules of Bankruptcy Procedure and the local rules and general orders of the Bankruptcy Court, as amended from time to time, as applicable to the Chapter 11 Case as filed on the Petition Date. No amendment to the Bankruptcy Rules effected after the Petition Date shall be applicable to this Chapter 11 Case except to the extent that a statute or rule expressly provides that the amendment shall have retroactive effect to cases pending on the Petition Date.

*12.9* **Bar Date** means the applicable deadline by which a proof of Claim, proof of Interest or motion for allowance of Claim must have been or must be filed, as established by the Plan or an order of the Bankruptcy Court including, but not limited to, the Bar Date Order, the Confirmation Order and Local Rule. The term "Bar Date" shall include any applicable deadline for filing Administrative Claims, including Claims for Professional Fees, or Claims arising from rejection of executory contracts and unexpired leases.

*12.10* **Bar Date Order** means an order or orders to be entered by the Bankruptcy Court setting procedures and a deadline for the filing of proofs of Claim, including any order regarding

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

Administrative Claims, and, if appropriate, proofs of Interest.

  *12.11* *Business Day* means any day, other than a Saturday, Sunday or legal holiday, as such term is defined in Bankruptcy Rule 9006(a).

  *12.12* *Cash* means legal tender of the United States of America and equivalents thereof.

  *12.13* *Claim* means a "claim," as defined in section 101(5) of the Bankruptcy Code, against the Debtor.

  *12.14* *Class* means a category of holders of Claims or Interests, as described in Article 3.

  *12.15* *Confirmation* means issuance by the Bankruptcy Court of the Confirmation Order.

  *12.16* *Confirmation Date* means the date on which the Bankruptcy Court issues the Confirmation Order.

  *12.17* *Confirmation Hearing* means the hearing held by the Bankruptcy Court to consider Confirmation, as such hearing may be adjourned or continued from time to time.

  *12.18* *Confirmation Order* means the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

  *12.19* *Creditor* means the holder of a Claim.

  *12.20* *Debtor* means TV-32 Digital Ventures Inc.

  *12.21* *Disbursing Agent* means the Debtor.

  *12.22* *Disputed Claim* means a Claim that (a) is not Allowed and (b) has not been disallowed or otherwise expunged by a Final Order.

  *12.23* *Distribution Address* shall mean the address to which a particular distribution is to be mailed pursuant to Section 7.1(a).

  *12.24* *Distribution Date,* when used with respect to each Claim and Interest, means the later of (a) the Effective Date and (b) 30 days after the date upon which the Claim or Interest becomes an Allowed Claim or Allowed Interest.

  *12.25* *Effective Date* means the Confirmation Date.

  *12.26* *Estate* means the estate created for the Debtor in its Chapter 11 Case pursuant to section 541 of the Bankruptcy Code.

  *12.27* *Final Order* means an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, administrative agency or other tribunal, as entered on the docket in any Chapter 11 Case or such other court, (a) which has not been reversed, stayed, modified or amended, and as to which the time to appeal, seek certiorari or move for reargument or rehearing has expired, and no appeal, petition for certiorari, or motion for reargument or rehearing has been timely taken, or (b) as to which any appeal has been taken, any petition for certiorari or motion for reargument or rehearing has been filed, and such appeal, petition or motion has been conclusively withdrawn or resolved by the highest court to which the order or judgment was appealed or from which certiorari, reargument or rehearing was sought.

  *12.28* *Interest* means the rights of the holders of shares of equity securities of the Debtor or those otherwise entitled to an equity interest in the Debtor, as of the Petition Date.

  *12.29* *Lien* has the meaning set forth in section 10 1 (37) of the Bankruptcy Code; *provided, however,* that a lien avoided in accordance with sections 544, 545, 546, 547, 548 or 549 of the Bankruptcy Code shall not constitute a Lien.

  *12.30* *Net Cash Flow* means the gross rents and revenues generated by the Real Property less the amount that the Court determines is necessary for the ongoing operation thereof.

  *12.31* *Objection* means an objection to the allowance of a Claim or Interest interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court.

  *12.32* *Other Priority Claim* means a Claim (or portion thereof), if any, entitled to priority under section 507(a) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.

  *12.33* *Petition Date* means September 23, 2009, the date on which the Debtor commenced the Chapter 11 Case.

  *12.34* *Plan* means the Plan of reorganization, as the same may be amended, modified or supplemented.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5181.001    18    **DEBTOR'S CHAPTER 11 PLAN**

Case: 09-58098 Doc# 31 Filed: 12/22/09 Entered: 12/22/09 12:41:05 Page 18 of 19

***12.35 Priority Tax Claim*** means any Claim of a governmental unit entitled to priority under section 507(a)(8) of the Bankruptcy Code.

***12.36 Professionals*** means those Persons (a) employed pursuant to an order of the Bankruptcy Court in accordance with sections 327 or 1103 of the Bankruptcy Code and to be compensated for services pursuant to sections 327, 328, 329, 330 or 331 of the Bankruptcy Code, for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to section 503(b)(1) of the Bankruptcy Code or (b) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

***12.37 Professional Fees*** means the fees for professional services rendered, and expenses incurred in connection with such services, by Professionals.

***12.38 Real Property*** means the real property located in 1010 Corporation Way Palo Alto, CA 94303-4304.

***12.39 Schedules*** means the Debtor's schedules of assets and liabilities and statements of financial affairs, as they may be amended from time to time, filed with the Bankruptcy Court pursuant to section 521 of the Bankruptcy Code.

***12.40 Secured Claim*** means any Claim that is (a) secured by a valid, perfected and enforceable Lien on or against property of the Debtor's Estate, but only to the extent of the value (as agreed to by the holder of such Claim and the Debtor or as determined by a Final Order of the Bankruptcy Court pursuant to section 506(a) of the Bankruptcy Code) of the Claim holder's interest in the Estate's interest in the property securing the Claim or (b) subject to setoff under section 553 of the Bankruptcy Code, but only to the extent of the amount subject to setoff and only if a valid proof of secured claim reflecting the setoff right is filed on or before the Bar Date.

***12.41 Unsecured Claim*** means a Claim that is not secured by a valid, perfected and enforceable Lien against property of the Debtor.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700