CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California 95112
Telephone: (408) 295-9555
Facsimile: (408) 295-6606

ATTORNEYS FOR Arlene Stevens

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

TV-32 DIGITAL VENTURES INC., a
California corporation,
Tax ID: 20-1198608,

          Debtor.

Case No. 09-58098 ASW 11

CHAPTER 11

**REPLY BRIEF RE: MOTION TO APPOINT CHAPTER 11 TRUSTEE**

Date: February 5, 2010
Time: 2:00 p.m.
Room: 3020
Place: United States Bankruptcy Court
280 S. First St. Room 3020
San Jose, CA 95113
Judge: The Honorable Arthur Weissbrodt

COMES NOW, Arlene Stevens, and submits the following reply brief in support of her Motion to Appoint Chapter 11 Trustee ("Motion") as follows:

**I. The California Secretary of State's Records Confirm Stevens Is The Officer and Director of TV-32 DV[1].**

On May 20, 2004 the Articles of Incorporation of TV-32 Digital Ventures Inc. ("TV-32 DV") were filed with the California Secretary of State. The incorporated was May Layne. Booker T. Wade, Jr. ("Wade") is only listed as the corporations's initial agent for service of

---

[1] True and correct copies of these referenced are attached to Sterling's opposition, are a matter of public record, and will be made available as requested.

**REPLY BRIEF RE: MOTION TO APPOINT CHAPTER 11 TRUSTEE**

process.

On July 27, 2007, a Statement of Information for TV-32 DV was filed with the California Secretary of State which listed Arlene Stevens ("Stevens") as Chief Executive Officer, Secretary, and Chief Financial Officer; as the sole Director; and as agent for service for process.

On September 23, 2008, a Statement of Information for TV-32 DV was filed with the California Secretary of State which listed Stevens as Chief Executive Officer, Secretary, and Chief Financial Officer; as the sole Director; and as agent for service for process.

**II. The Pending State Action Asserted Competing Claims Relative to TV-32 DV.**

Stevens' First Amended Complaint[2], filed July 16, 2008, asserts causes of action specifically related to ownership and control of TV-32 DV. For example, the First Amended Complaint's Ninth Cause of Action is for Declaratory Relief and alleges, in part, that an actual controversy arisen and exists between Stevens and Wade relating to heir respective legal rights and duties with respect to TV-32 DV; the Thirteenth Cause of Action is for Conversion and alleges, in part, that Wade and KMTP have taken and/or have been using without consent certain equipment and files owned by TV-32 DV; the Fourteenth Cause of Action is for Conversion and alleges, in part, that Wade and KMTP have been collecting rents from tenants of 1010 Corporation Way and wrongfully withheld those rents from TV-32 DV; the Fifteenth Cause of Action is for Breach of Contract and alleges, in part, that Wade and KMTP breach an oral agreement to pay TV-32 DV fair market rent for 1010 Corporation Way and for rental of certain broadcasting and related equipment; and the Sixteenth Cause o Action is for Trespass against Wade and KMTP and alleges, in part, that each are wrongfully in possession of 1010 Corporation Way.

Wade's verified First Amended Cross Complaint[3], filed August 4, 2008, asserts

---

[2] Stevens does not anticipate any dispute as to this pleading and will make a copy available as requested.

[3] Stevens does not anticipate any dispute as to this pleading and will make a copy available as
(continued...)

causes of action specifically related to ownership and control and dissolution of TV-32 DV. For example in Wade's First Amended Cross Complaint he alleges, in part, that: Stevens and Wade are joint owners of TV-32 DV with each owning 50%; the Ninth Cause of Action for Declaratory Relief alleges an actual and present controversy regarding their respective rights and duties relating to TV-32 DV (i.e. "owns fifty percent of all shares"; the Tenth Cause of Action for Involuntary Dissolution alleges dissolution is necessary due to internal dissension and deadlock between the shareholders (Wade and Stevens); an Eleventh Cause of Action For Breach of Fiduciary Duty against TV-32 DV; and the Twelfth Cause of Action is for Declaratory Relief and alleges an actual and present controversy regarding acts of TV-32 DV.

Noticeable absent from a reading of Wade's First Amended Cross Complaint, or opposition to Stevens' Motion, is an acknowledgment that the SBA Financing Plan he prepared in October 2004 for TV-32 DV identifies Stevens as Vice President and Director, the source of the equity contribution, and sole shareholder; the SBA Credit Memorandum prepared with information he provided list Stevens as President and 100% owner of TV-32 DV; and the August 26, 2005, Sonoma bank loan is signed by Stevens as President.

**III. The State Action Did Not Resolve The Ongoing Dispute Regarding Ownership And Control of TV-32 DV and 1010 Corporation Way.**

The opposition submitted by Wade in the form of his declaration incorrectly suggests, inter alia, that the dispute regarding ownership and control of TV-32 DV and corporation was resolved in the State Action[4]. Wade is incorrect[5].

---

[3](...continued)
requested.

[4]Stevens notes that there are three (3) hearing transcripts relating to the State Action and the transcripts relate to the efforts to settle parts of the State Action, Wade's efforts to challenge the jurisdiction of Judge Silver, Stevens' efforts to enforce parts of the settlement, and Wade's efforts to vacate the settlement.

[5]Stevens does not believe it is necessary to respond to the majority of Wade's declaration except to generally state that she does not stipulate or agree to the accuracy of Wade's statements
(continued...)

The settlement between the parties was clear in that the State Action and related settlement would not determine the ownership of TV-32 as this issue was to be determined by an arbitrator, Judge Silver (Ret.) of JAMS. (State Action, Transcript January 21, 2009 page 92:12-14, 92:18-95:6; 96:20-97:1; Transcript Nov. 10, 2009 3:13-4:15).

Stevens submits that the ownership and control of TV-32 DV was not resolved by the partial settlement of the State Action.

**IV. Conclusion.**

Stevens submits that the existence of the ongoing dispute and the relationship between Steven and Wade, including the relationship relative to TV-32 DV and KMTP, the associated acrimony and lack of confidence in the stated management, and unilateral collection of rents, failure to account for such rents, failure to turn collected rents over to TV-32 DV and pay TV-32 DV's creditors, and failure to collect rents warrants appointment of a Chapter 11 Trustee.

Dated: February 2, 2010
CAMPEAU GOODSELL SMITH
/s/ William J. Healy
William J. Healy
Attorneys For Debtor

---

[5](...continued)
unless specifically stated.