MATTHEW J. SHIER (SBN: 72638)
JEREMY W. KATZ (SBN: 119418)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for
TV-32 DIGITAL VENTURES INC.,
Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 09-58098 ASW 11 |
| TV-32 DIGITAL VENTURES INC., a California corporation,<br>Tax ID: 20-1198608<br><br>Debtor. | Chapter 11<br><br>**DEBTOR'S SUPPLEMENT TO DECLARATION OF BOOKER T. WADE RE STATUS OF CHAPTER 11 CASE AND OPPOSITION TO MOTION TO APPOINT CHAPTER 11 TRUSTEE**<br><br>Date: July 19, 2010<br>Time: 1:45 p.m.<br>Courtroom: 3020, 3rd Floor<br>The Honorable Arthur S. Weissbrodt |

TO:   THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:

TV-32 DIGITAL VENTURES INC., Debtor and Debtor-in-Possession (the "Debtor"), respectfully submits this Supplement to the DECLARATION OF BOOKER T. WADE RE STATUS OF CHAPTER 11 CASE filed July 12, 2010 (See Docket No. 68):

1. As reflected in the various pleadings and the Reporter's Transcript of the settlement agreement in the state action filed with this Court, this proceeding is a result of the related state proceeding involving property division claims and counter-claims by Arlene Stevens

("Stevens") and Booker Wade ("Wade") arising out of their long term business and non-marital personal relationship. The competing claims were ostensibly resolved via the Settlement Agreement entered into on January 22, 2009, mediated before Santa Clara County Superior Court Presiding Judge Jaime Jacobs-May. The Settlement assigned some assets to Wade and some to Stevens. Others were to be sold and the proceeds shared. Of the two most valuable assets, one – the Woodside residence – was assigned to Stevens while the other – the commercial office building at 1010 Corporation Way, Palo Alto – Wade maintains was assigned to him as the designated arbitrator, Judge Silver, recently affirmed.

2. Despite the Settlement terms and Judge Silver's contrary decision, Stevens continues to insist she owns the Debtor and implicitly the Debtor's property. In her Status Report at page 1, Note 1, Stevens "…maintains her ownership of the Debtor." Stevens requests the appointment of a trustee to sell the property in the current market, even though the unanimous conclusion of all three brokers experienced in the Palo Alto commercial office market is that a current sale would impair SBA, unsecured creditors and even her own interests. As detailed in the Wade Declaration, Stevens lacks concerns for all economic interests. She has dissipated and concealed funds and forfeited valuable FCC licenses, yet she says Wade is imposing on her financial devastation. Stevens has atypical motivations, one of which is simply to deny Wade the benefit of the settlement bargain. Stevens candidly requests this Court to "…turn over responsibilities associated with the Debtor to Stevens…" and 'eliminate' Wade's influence. Status Report, p. 3. She says that is in the best interests of creditors. However, under Stevens' control assets are wasted.

3. The appointment of a trustee to displace the Debtor-in-Possession is an extraordinary measure that runs counter to the overarching presumption that a Chapter 11 debtor should remain in possession of its assets and operations while it is given the opportunity to reorganize. In re Sharon Steel Corp., 871 F.2d 1217, 1225 (3d Cir. 1989). Because appointment of a trustee is strongly disfavored, Stevens must meet a high evidentiary standard. Stevens must show by clear and convincing *evidence* that one of the prongs of Section 1104 of the Bankruptcy

Code has been satisfied. See, e.g., In re Marvel Entertainment Group, Inc., 140 F.3d 463, 471 (3d Cir. 1998).

4. In Cruzan v. Director, Missouri Department of Health, (1990) 497 U.S. 261, the Supreme Court defined the applicable "clear and convincing evidence" standard to require evidence that "produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the fact finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." Herein, Stevens has not advanced any evidence of any facts. While she argues that Wade will "never, ever" sell the property, that is an argument as to future action only, not evidence and decidedly not evidence so strong as to defeat the entitlement of the Debtor. Further, as noted in his Declaration, Wade has and continues to make efforts to lease and or sell the property. Prior to and since the filing, he has retained a broker for marketing. More than a year ago Wade retained Greg DeLong of CB Richard Ellis to market for sale or lease the premises and DeLong continues to do so. Further, Stevens' brokers opined that the current distortion in the credit market is the primary culprit in selling the property but that there are recent data points indicating that a market turnaround will occur within two years. As such, there is a reasonable opportunity to rehabilitate the Debtor. Wade requests the Court to permit him to proceed with the reorganization process.

5. The Debtor reiterates that 30 days would be a reasonable time within which to file its amended plan and disclosure statement.

Dated: July 15, 2010                    PINNACLE LAW GROUP LLP

                                        By /s/ Matthew J. Shier
                                           Matthew J. Shier, Attorneys for
                                           TV-32 DIGITAL VENTURES INC.,
                                           Debtor and Debtor-in-Possession

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

# CERTIFICATE OF SERVICE

I am employed in the office of a member of the bar of this Court in the City and County of San Francisco, at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 425 California Street, Suite 1800, San Francisco, California 94104.

On July 15, 2010, I served the documents described as:

DEBTOR'S SUPPLEMENT TO DECLARATION OF BOOKER T. WADE RE STATUS OF CHAPTER 11 CASE AND OPPOSITION TO MOTION TO APPOINT CHAPTER 11 TRUSTEE

on the interested parties in this action by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| TV-32 DIGITAL VENTURES INC.<br>c/o Booker T. Wade<br>605 Forest Avenue<br>Palo Alto, CA 94301 | Andrew Zighelboim<br>450 West Santa Clara Street<br>San Jose, CA 95113<br>azighelboim@collierparrish.com |

The Honorable Arthur S. Weissbrodt
United States Courthouse, Room 3020
280 South First Street
San Jose, CA 95113-3099

**Attention: CHAMBERS COPIES**

[X]  U.S. MAIL: Service was accomplished by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth above.

[X]  BY E-MAIL/NEF: Service was accomplished through the Notice of Electronic Filing ("NEF") for parties and counsel who are registered ECF Users.

| | |
|---|---|
| Office Of The United States Trustee<br>USTPRegion17.SJ.ECF@usdoj.gov,<br>ltroxas@hotmail.com | William J. Healy on behalf of Creditor Arlene Stevens<br>whealy@campeaulaw.com |

Rachel K. Stevenson on behalf of Creditor
Sterling Savings Bank
rnunes@abbeylaw.com

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on July 15, 2010, at San Francisco, California.

/s/ Mike Terry
MIKE TERRY

5181.001     4     DEBTOR'S SUPPLEMENT TO DECLARATION RE STATUS OF CASE; OPPOSITION TO MOTION TO APPOINT TRUSTEE

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700