ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
RICHARD W. ABBEY, ESQ. (SBN: 053039)
RACHEL K. STEVENSON, ESQ. (SBN: 172525)
100 Stony Point Road, Ste. 200
Post Office Box 1566
Santa Rosa, California 95402-1566
Telephone No.: (707) 542-5050
Facsimile No.: (707) 542-2589
rstevenson@abbeylaw.com

Attorneys for Creditor/Moving Party
Sterling Savings Bank, Successor In Interest By Merger To Sonoma National Bank

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In Re:

TV-32 DIGITAL VENTURES, INC., a California corporation,

Debtor.

Case No. 09-58098 ASW 11
Chapter 11
R.S. No. RKS/001

**Date: August 25, 2010**
**Time: 2:15 p.m.**
**Location: 280 S. 1st Street, San Jose, CA**
**Courtroom: 3020**

### STERLING SAVINGS BANK'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY

COMES NOW, STERLING SAVINGS BANK, Successor In Interest By Merger To Sonoma National Bank (the "Sterling"), and replies to the Debtor's Opposition to Motion for Relief from Stay, as follows:

The Debtor's Opposition consists of two sentences, referencing the filing of a Second Amended Plan, and seeking to delay the inevitable by relying thereon. However, the Plan is based entirely on sheer speculation and conjecture, with absolutely no concrete evidence to support its feasibility. The Debtor represents that it intends to implement this Plan by leasing up the Property, and obtaining "guaranteed revenues" and grants from various public entities. However, the prospective tenant on which the Debtor relies for leasing up the Property, KMTP TV, admittedly lacks the capacity to lease additional space (Disclosure Statement p. 8:24), and the assertion that it will be able to do so in the future is purely speculative. The reliance upon expected grants from the Corporation for Public Broadcasting (that are currently unavailable), is similarly based upon pure

conjecture. Likewise, no evidence exists that funding from local governmental entities, struggling to make their own budgets balance, is somehow going to shake loose for this Debtor. All of this is wholly speculative and has no basis in reality. Indeed, that the Debtor's only facts to support his projections come from a projection of sales from a retail store, Best Buy, is indicative of this.

Moreover, the Debtor wrongfully relies upon $645,000 belonging to Arlene Stevens, to support its Plan. (Disclosure Statement, p. 13:13, 24-27.) The Debtor has cited to no authority, and Sterling is aware of none, which allows the Debtor to include assets of a non-debtor – indeed, assets which the non-debtor has no obligation to contribute– to create adequate protection for creditors.

Finally, a thirty-six month time frame for execution of the proposed Plan is unjustifiable. No basis in law exists to require Sterling Savings to wait for three years to see if the Debtor can turn any of the above conjecture and speculation into reality.

In short, the Plan is unfeasible on its face. At the most, all the Debtor can offer is "high hopes," without any realistic financial prospects on the horizon to warrant a conclusion that a reorganization is likely. As such, it cannot be said that the Property, **1010 Corporation Way, Palo Alto, California 94303,** is necessary to an effective reorganization. (*La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); s*ee also, United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 375-76.) Thus, no basis exists to continue to require Sterling to wait, as the market declines, to enforce its rights under its First Deed of Trust. The evidence indicates that a successful reorganization within a reasonable time is impossible. Accordingly, the Court **must** grant Sterling relief from stay.

Dated: August 16, 2010

Respectfully submitted,

ABBEY, WEITZENBERG,
WARREN & EMERY


BY: */s/ Rachel K. Stevenson*
 Rachel K. Stevenson
 Attorneys for Objecting Party

# PROOF OF SERVICE

I declare that:

I am employed in the County of Sonoma, California. I am over the age of eighteen years and not a party to the within cause; my business address is 100 Stony Point Road, Ste. 200, P. O. Box 1566, Santa Rosa, California 95402-1566.

On the date set out below, I served the attached:

**STERLING SAVINGS BANK'S REPLY TO DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM STAY**

on the interested parties in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| TV-32 Digital Ventures, Inc.<br>1010 Corporation Way<br>Palo Alto, CA 94303-4304 | Debtor |
| Booker T. Wade<br>1010 Corporation Way<br>Palo Alto, CA 94303-4304 | Responsible Individual |
| Jeremy W. Katz<br>Matthew J. Shier<br>Pinnacle Law Group<br>425 California Street, #1800<br>San Francisco, CA 94104 | Debtor's Counsel |
| Office of the U.S. Trustee/SJ<br>U.S. Federal Building<br>280 S. 1st Street, #268<br>San Jose, CA 95113-3004 | U.S. Trustee |
| Campeau Goodsell Smith, LC.<br>William J. Healy<br>440 N. 1st Street, Ste. 100<br>San Jose, CA 95112 | Counsel for Arlene Stevens |
| CB Richard Ellis Brokerage Services<br>Attn: Gregory S. DeLong<br>Two Palo Alto Square, Ste. 100<br>3000 El Camino Real<br>Palo Alto, CA 94306 | Creditor |
| David Hammerslough<br>1960 The Alameda, Ste. 200<br>San Jose, CA 95126-1451 | Creditor |
| Fidelity National Title Co., Trustee<br>TS No. 09-00354-4C<br>Attn: Tamala Dailey<br>135 Main St., Ste. 1900<br>San Francisco, CA 94105 | Creditor |

| | | |
|---|---|---|
| 1 | International Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Creditor |
| 2 | | |
| 3 | Security Signal Devices, Inc.<br>1740 N. Lemon St.<br>Anaheim, CA 92801-1007 | Creditor |
| 4 | | |
| 5 | Small Business Administration<br>c/o Capital Access Group<br>150 California Street, Ste. 250<br>San Francisco, CA 94111 | Creditor |
| 6 | | |
| 7 | | |
| 8 | City of Palo Alto<br>Utilities Dept.<br>250 Hamilton Ave.<br>Palo Alto, CA 94301 | Creditor |
| 9 | | |
| 10 | Peninsula Air Conditioning Company<br>1690 Tacoma Way<br>Redwood City, CA 94063 | Creditor |

/xx/ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of Abbey, Weitzenberg, Warren & Emery for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August 16, 2010, at Santa Rosa, California.

/s/ *Julie Heydel*
Julie Heydel