ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
RICHARD W. ABBEY, ESQ. (SBN: 053039)
RACHEL K. STEVENSON, ESQ. (SBN: 172525)
100 Stony Point Road, Ste. 200
Post Office Box 1566
Santa Rosa, California 95402-1566
Telephone No.: (707) 542-5050
Facsimile No.: (707) 542-2589
rstevenson@abbeylaw.com

Attorneys for Creditor/Moving Party
Sterling Savings Bank, Successor in Interest by Merger to Sonoma National Bank

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>TV-32 DIGITAL VENTURES, INC., a California corporation,<br><br>                Debtor. | Case No. 09-58098 ASW 11<br>Chapter 11<br>R.S. No. RKS/002<br><br>**Date: March 28, 2011**<br>**Time: 2:00 p.m.**<br>**Location: 280 S. 1st Street, San Jose, CA**<br>**Courtroom: 3020, 3rd Floor**<br>**The Hon. Arthur S. Weissbrodt** |

## STERLING SAVINGS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME

COMES NOW, Sterling Savings Bank, as successor in interest by merger to Sonoma National Bank ("Sterling") and, moves this Court for an order granting relief from stay pursuant to 11 U.S.C. § 362(d)(2), as follows:

### I. INTRODUCTION

Sterling holds a first deed of trust with assignment of rents on the Debtor's real property located at **1010 Corporation Way, Palo Alto, California 94303; A.P.N. 116-01-025** (the "Property.") Other than the five (5) adequate protection payments made since this Court's order for same on October 8, 2010, the Debtor has not made a payment to Sterling since December of 2008. The Debtor filed for bankruptcy on the eve of Sterling's foreclosure, in September of 2009, and has strung Sterling along and deprived it of its collateral for a year and a half since then. The Debtor has no equity at all in the Property. The Debtor also has not demonstrated, and cannot demonstrate, that any reasonable prospect exists for reorganization. As such, Sterling is entitled to relief from the

automatic stay, and urges this Court to grant it relief from the automatic stay so that it can preserve and protect its rights under its Deed of Trust.

## II. FACTUAL BACKGROUND

Sterling is the holder of a Promissory Note payable by the Debtor herein in the amount of $2,023,750.00 (the "Promissory Note.") (*See Declaration of Lori Crechriou,* ¶ 2.) The Promissory Note is secured by a First Deed of Trust and Assignment of Rents against the Debtors' real property located at **1010 Corporation Way, Palo Alto, California 94303**. (*See Declaration of Lori Crechriou,* ¶ 2.) The Property is a commercial building, which generates rental income that is subject to Sterling's Assignment of Rents. (*See Declaration of Lori Crechriou,* ¶ 3.) Other than the five (5) adequate protection payments ordered by this Court on October 8, 2010, the Debtor has failed to make payments on the Promissory Note from and after December of 2008. (*See Declaration of Lori Crechriou,* ¶ 4.) Sterling recorded its Notice of Trustee's Sale on August 28, 2009, therein setting the trustee's sale of the Property for September 24, 2009. (*See Declaration of Lori Crechriou,* ¶ 4.) The Debtor filed the instant bankruptcy proceeding on September 23, 2009. Since the inception of the bankruptcy, the Debtor has failed to generate sufficient revenues to service any of the debt secured by the Property, failed to pay taxes relating to the Property, and failed to actively market the Property for sale.

As is set forth in the accompanying Declaration of Lori Crechriou (*at* ¶5), approximately **$2,367,561.52** is due and owing to Sterling under the Promissory Note, as follows:

| | |
|---|---|
| Principal Balance: | $ 2,003,706.43 |
| Interest to 03/28/11: | $ 293,286.88 |
| Late Charges: | $ 17,196.40 |
| Forced Place Insurance (Hazard and Flood) | $ 18,182.80 |
| Foreclosure Costs | $ 14,917.67 |
| Appraisal Fees | $ 12,925.00 |
| Environmental Reports | $ 1,391.50 |
| Site Visits | $ 1,325.00 |

| | | |
|---|---|---|
| Legal Fees | $ | 62,129.84 |
| Post-Petition Payments | $ | (57,500.00) |
| **TOTAL AMOUNT DUE:** | **$** | **2,367,561.52** |

A second deed of trust encumbering the Property secures an additional $1,641,210 payable to the Small Business Administration. *(See Request for Judicial Notice, Ex. A.)* Delinquent property taxes for the Property totaling approximately $107,022.87 are also due and payable. *(See Declaration of Lori Crechriou, ¶ 6.)* Thus, more than $4,115,794.39 of secured debt encumbers the Property. In December of 2009, Sterling obtained an appraisal of the Property valuing same at $4,300,000. *(See Declaration of Lori Crechriou, ¶ 7.)* In June of 2010, Sterling obtained an appraisal of the Property valuing same at $2,800,000. *(See Declaration of Lori Crechriou, ¶ 8.)* Using either of these values, the Debtor has no equity in the Property, as even if the older appraisal were still valid, once closing costs (2% of sales price) and commissions (6% of sales price) are factored in, no equity remains. *(See Declaration of Lori Crechriou, ¶ 9.)*

The Debtor has failed to get a Disclosure Statement approved, and no viable plan of reorganization exists.

As it is evident from the foregoing that the Debtor has no equity in the Property, and because no evidence exists that reorganization is a possibility, Sterling seeks an order granting relief from the automatic stay to assert its rights under the its First Deed of Trust on the Property.

## II. LEGAL ARGUMENT AND AUTHORITIES

**A. STERLING IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY BECAUSE THE DEBTOR HAS NO EQUITY IN THE PROPERTY AND CANNOT DEMONSTRATE THAT THE PROPERTY IS NECESSARY FOR AN EFFECTIVE REORGANIZATION.**

11 U.S.C. § 362(d) provides, in pertinent part, as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

(2) with respect to a stay of an act against property under subsection (a) of this section, if--

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

In this case, both elements of Section 362(d)(2) are met.

### 1. The Debtors Have No Equity in the Property.

A debtor's equity in real property is the difference between the property value and the total amount of liens against the property. (*Stewart v. Gurley* 745 F.2d 1194, 1195-96 (9th Cir. 1984).) In this case, Sterling's December, 2009 appraisal sets the value of the Property at $4,300,000. Sterling's June, 2010 appraisal sets the value at $2,800,000. The secured claims against the Property exceed $4,115,794.39. Thus, using either appraisal the Debtor has no equity in the Property located at **1010 Corporation Way, Palo Alto, California 94303**. Indeed, even if the $4,300,000 appraise were still valid, which is doubtful given the decline in the economy and the current state of the commercial real estate market, sales commissions and closing costs would easily consume any remaining equity above the $4,115,794.39 in secured liens.

Accordingly, relief from stay is proper unless the Debtor can establish that the Property is necessary to an effective reorganization.

### 2. The Property Is Not Necessary for Effective Reorganization

Since the Debtor does not have any equity in the Property, the dispositive issue is whether the Property is necessary for an effective reorganization. (*11 U.S.C. § 362(d)(2)(B).*) While a relief from stay hearing should not be converted into a plan confirmation hearing, a hearing to determine the confirmability of a debtor's plan is not necessary for the court to address the "effective reorganization" component of 11 U.S.C. § 362(d)(2)(B). (*In re Sun Valley Newspapers, Inc.* 171 B.R. 71, 74 (9th Cir. BAP 1994).) The "effective reorganization" component in a motion for relief from stay requires a showing by the debtor that a proposed plan is not patently unconfirmable and has a realistic chance of being confirmed. (*Id.* at p. 75.) The burden of proof on a debtor in this regard is to "offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'plausible.'" (*Ibid.*) If the evidence indicates that a successful reorganization within a reasonable time is impossible, the court **must** grant relief from stay. (*Ibid.*) It is not enough for the Debtor to simply argue that the automatic stay should continue because it needs the property in order to propose a reorganization. (*La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); see also, *United Savings Assoc. of Texas v. Timbers of*

1  *Inwood Forest Assoc., Ltd.* 484 U.S. 365, 375-76.) "If all the debtor can offer at this time is high hopes without any financial prospects on the horizon to warrant a conclusion that a reorganization in the near future is likely, it cannot be said that the property is necessary to an 'effective' reorganization." (*Ibid.*) The lack of any realistic prospect for reorganization **requires** relief under 11 U.S.C. 363(d)(2). (*United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 376.)

In this case, by the time of this hearing, the Debtor will have been in bankruptcy for a year and a half. Although the Debtor proposed a plan in January of 2010, it is no closer to having a plan confirmed today than a year ago. Indeed, in the Pre-Hearing Statement filed by the Debtor in connection with the most recent hearing on the matter on March 9, 2011, the Debtor all but acknowledged that it had no basis to further promote its Disclosure Statement or Plan. (*See Request for Judicial Notice, Ex. B and C.*) The Court thereafter took the hearing on the Debtor's Disclosure Statement off calendar. The inevitable conclusion to be drawn from the totality of the facts of this case is that no reasonable prospect exists for reorganization of this Debtor in the near future. At the most, all the Debtor can offer is "high hopes," without any realistic financial prospects on the horizon to warrant a conclusion that a reorganization is likely. As such, it cannot be said that the Property, **1010 Corporation Way, Palo Alto, California 94303**, is necessary to an effective reorganization. (*La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); see also, *United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 375-76.) Thus, no basis exists to continue to require Sterling to wait, as the market declines, to enforce its rights under its First Deed of Trust. The evidence indicates that a successful reorganization within a reasonable time is impossible. Accordingly, the Court **must** grant Sterling relief from stay.

### III. CONCLUSION

For all of the foregoing reasons, Sterling urges this Court to issue an order granting relief from the automatic stay to enable it to assert its rights under its deed of trust secured by the Debtor's property located at **1010 Corporation Way, Palo Alto, California 94303,** as well as all state court remedies necessary to secure possession of the Property, including the serving of notices and

unlawful detainer proceedings. Sterling further requests a waiver of the 14-day stay imposed by Bankruptcy Rule 4001(a)(3).

Dated: March 10, 2011

Respectfully submitted,

ABBEY, WEITZENBERG,
WARREN & EMERY

By: /s/ Rachel K. Stevenson
Rachel K. Stevenson
Attorneys for Sterling Savings Bank