1  ABBEY, WEITZENBERG,
WARREN & EMERY, P.C.

2  RICHARD W. ABBEY, ESQ. (SBN: 053039) **IT IS SO ORDERED.**
RACHEL K. STEVENSON, ESQ. (SBN: 172525) **Signed April 18, 2011**

3  100 Stony Point Road, Ste. 200
Post Office Box 1566

4  Santa Rosa, California 95402-1566
Telephone No.: (707) 542-5050                **Arthur S. Weissbrodt**

5  Facsimile No.: (707) 542-2589               **U.S. Bankruptcy Judge**
rstevenson@abbeylaw.com

6

7  Attorneys for Creditor/Moving Party
Sterling Savings Bank, Successor in
Interest by Merger to Sonoma National Bank

8

9                     UNITED STATES BANKRUPTCY COURT
                      NORTHERN DISTRICT OF CALIFORNIA

10                           SAN JOSE DIVISION

11

12  In Re:                                     Case No.  09-58098 ASW 11
                                               Chapter 11
    TV-32 DIGITAL VENTURES, INC., a            R.S. No. RKS/002

13  California corporation,

14                    Debtor.                  Date: March 28, 2011/April 1, 2011
                                               Time: 2:15 p.m.
                                               Location: 280 S. 1st Street, San Jose, CA

15                                             Courtroom: 3020, 3rd Floor
                                               The Hon. Arthur S. Weissbrodt

16

17

18  **ORDER GRANTING STERLING SAVINGS BANK'S MOTION FOR RELIEF FROM**
    **AUTOMATIC STAY**

19
            Upon the Motion for Relief from Automatic Stay filed by Sterling Savings Bank, successor

20
    in interest by merger to Sonoma National Bank, the matter having come on regularly for hearing

21
    before the undersigned United States Bankruptcy Judge on March 28, 2011, and again on April 1,

22
    2011, the appearances having been duly noted on the record, arguments in support of and in

23
    opposition to the motion having been considered, and good cause appearing therefor,

24
            IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion is Granted

25
    effective 45 days from April 1, 2011, provided Sterling Savings Bank temporarily forgo its efforts

26
    to levy on funds belonging to Arlene Stevens.  However, Sterling Savings Bank retains the right to

27
    defend its claim to said funds in the event that any party, in any manner, threatens to challenge or

28
    interfere with Sterling Savings Bank's rights to levy on those funds.  In the event that Sterling

Savings Bank is allowed to conduct its trustee's sale of the commercial real property located at **1010 Corporation Way, Palo Alto, California** (the "Property") on May 31, 2011, and thereafter confirms that no deficiency amount exists with respect to the loan to the Debtor which is secured by the Property, Sterling Savings Bank shall permanently release its claims to the funds belonging to Arlene Stevens. If, however, for any reason attributable to a party other than Sterling Savings Bank, Sterling Savings Bank is precluded from conducting its trustee's sale on May 31, 2011, Sterling Savings Bank retains its rights to immediately proceed with all efforts to levy upon funds belonging to Arlene Stevens.

The 14-day stay imposed by 11 U.S.C. § 4003(a) is not waived.

Effective April 1, 2011, the prior Order on Sterling Savings Bank's Motion for Relief from Automatic Stay entered herein by this Court on October 8, 2010 is, prospectively, null and void.

*Approved as to form:*

*PINNACLE LAW GROUP LLP*

By: _____
    *Matthew J. Shier, Esq.*
    *Attorneys for Debtor*

*UNITED STATES ATTORNEY'S OFFICE*

By: _____
    *Edwin Joe, Esq.*
    *Attorneys for the United States of America, and its*
    *Agency, the U.S. Small Business Administration*

_____
    *Booker T. Wade, Jr. Pro Se*

_____
    *Arlene Stevens, Pro Se*

**\*\*END OF ORDER\*\***

-2-

1   Savings Bank is allowed to conduct its trustee's sale of the commercial real property located at

2   **1010 Corporation Way, Palo Alto, California** (the "Property") on May 31, 2011, and thereafter

3   confirms that no deficiency amount exists with respect to the loan to the Debtor which is secured by

4   the Property, Sterling Savings Bank shall permanently release its claims to the funds belonging to

5   Arlene Stevens. If, however, for any reason attributable to a party other than Sterling Savings Bank,

6   Sterling Savings Bank is precluded from conducting its trustee's sale on May 31, 2011, Sterling

7   Savings Bank retains its rights to immediately proceed with all efforts to levy upon funds belonging

8   to Arlene Stevens.

9         The 14-day stay imposed by 11 U.S.C. § 4003(a) is not waived.

10         Effective April 1, 2011, the prior Order on Sterling Savings Bank's Motion for Relief from

11   Automatic Stay entered herein by this Court on October 8, 2010 is, prospectively, null and void.

12

13   *Approved as to form:*

14   *PINNACLE LAW GROUP, LLP*

15

    *By:* _____

16         *Matthew J. Shier, Esq.*
        *Attorneys for Debtor*

17

18   *UNITED STATES ATTORNEY'S OFFICE*

19

20   *By:* _~Edwin Joe~ 4/5/11_
        *Edwin Joe, Esq.*

21         *Attorneys for the United States of America, and its*
        *Agency, the U.S. Small Business Administration*

22

23

24   _____
        *Booker T. Wade, Jr. Pro Se*

25

26   _____
        *Arlene Stevens, Pro Se*

27

28                       **END OF ORDER**

Case: 09-58098   Doc# 130   Filed: 04/18/11   Entered: 04/18/11 14:44:12   Page 3 of 3