ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
RICHARD W. ABBEY, ESQ. (SBN: 053039)
RACHEL K. STEVENSON, ESQ. (SBN: 172525)
100 Stony Point Road, Ste. 200
Post Office Box 1566
Santa Rosa, California 95402-1566
Telephone No.: (707) 542-5050
Facsimile No.: (707) 542-2589
rstevenson@abbeylaw.com

Attorneys for Creditor/Moving Party
Sterling Savings Bank, Successor in Interest by Merger to Sonoma National Bank

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>TV-32 DIGITAL VENTURES, INC., a California corporation,<br><br>                Debtor. | Case No. 09-58098 ASW 11<br>Chapter 11<br><br>**Date: May 27, 2011**<br>**Time: 4:30 p.m.**<br>**Location: 280 S. 1st Street, San Jose, CA**<br>**Courtroom: 3020, 3rd Floor**<br>**The Hon. Arthur S. Weissbrodt** |

### STERLING SAVINGS BANK'S OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR STAY

COMES NOW, Sterling Savings Bank, as successor in interest by merger to Sonoma National Bank ("Sterling") and, opposes the Debtor's Emergency Motion to Stay Order Granting Relief from Stay, as follows:

### I. INTRODUCTION

Absolutely no legitimate legal basis exists to justify the continued delay sought by this Motion. This bankruptcy case has been pending for nearly two years. This Court finally granted Sterling's Motion for Relief from Stay on April 1, 2011, after forcing Sterling to wait over eighteen months to enforce its state court remedies on a loan that has been in default since 2008. Even then, the Court granted the Motion effective 45 days from April 1, 2011, and refused to waive the 14 day stay imposed by 11 U.S.C. §4003(a). [*See Docket No. 130.*] Thus, the Court already stayed Sterling's order for 59 days (60 days if one includes Memorial Day). Notwithstanding this two month stay, the Debtor waited until the eleventh hour, 4 days before the effective date of the order,

to throw a morass of paperwork at the Court, when the judge who is most familiar with the case is unavailable, in the apparent hope of causing confusion and further delay. The Court should not be persuaded. Indeed, this Court already denied a prior motion for stay pending appeal. [*See Docket No. 143.*] The Bankruptcy Appellate Panel similarly denied a motion for stay pending appeal. [*BAP Docket No. 009183102.*] This last minute delay tactic by the Debtor should be seen for what it is and denied.

## II. ARGUMENT

**A. THE SUBJECT ORDER IS UP ON APPEAL BEFORE THE NINTH CIRCUIT BANKRUPTCY APPELLATE PANEL AND THIS COURT THEREFORE NO LONGER HAS JURISDICTION TO ENTERTAIN A MOTION TO MODIFY THE ORDER.**

The Debtor is ignoring the fact that this Court no longer has jurisdiction to modify its order granting Sterling relief from stay (the "Order"). The Debtor's principal, Booker Wade, has appealed the Order [*see Docket No. 143*], and the appeal is currently pending before the Ninth Circuit Bankruptcy Appellate Panel. [*Case No. NC-11-1239.*] As such, this Court has been divested of any power to modify the Order. (*In the Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 201 (9th Cir. 1977).) The *Combined Metals Reduction* case clearly provides that bankruptcy courts are bound by the general rule that an appeal divests the lower court of the power to modify the order or decision being appealed. Specifically, bankruptcy courts are not permitted to share jurisdiction with a court of appeal once an appeal has been filed, and any order attempting to do so is a nullity. (*Ibid.*) Thus, this Court has no jurisdiction to modify its order granting Sterling relief from stay even if grounds existed to do so. For that reason, alone, this Motion should be denied.

**B. THE SUBJECT MOTION IS UNTIMELY, AND THE COURT LACKS JURISDICTION TO ENTERTAIN IT FOR THAT REASON, AS WELL.**

This Court further lacks jurisdiction to entertain the instant Motion because it is untimely. The Motion is essentially a motion for reconsideration, or motion to amend the order, which, pursuant to Fed. Rule Civ. Pro. § 59(e), made applicable by Bankruptcy Rule 9023, must have been filed within 10 days of entry of the Order. (*See In re Rubley*, 75 B.R. 94, 95 (Bkrtcy. C.D. Cal. 1987) (*motion for reconsideration of order granting relief from stay untimely because not filed*

*within 10 days of entry of order*). Here this Court issued the order granting relief from stay on April 1, 2011, and it was finally entered on April 18, 2011, nearly a month and a half ago. [*Docket No. 130.*] The time to file a motion to amend that Order expired on April 28, 2011. This last minute deluge of paperwork is therefore untimely and may not be considered by the Court.

### C. THE MOTION ALSO FAILS TO SET FORTH ADEQUATE GROUNDS FOR RELIEF UNDER FED. RULE CIV. PRO. § 60(b), AND MUST BE DENIED FOR THAT REASON.

Even if this Court had jurisdiction to consider this untimely Motion, the evidence upon which the Debtor relies for the Motion consists of evidence that could have been obtained with reasonable diligence prior to the entry of the order; it is not "newly discovered" evidence, as is required by Fed. Rule Civ. Pro. Section 60(b), made applicable by Bankruptcy Rule 9024. In order to provide a basis for a motion to reconsider or modify an order based upon newly discovered evidence, the "newly discovered" evidence must have been discovered after the order, and the movant must have been excusably ignorant of the facts at the time of the hearing, despite due diligence to learn about the facts. (*See In re Covino*, 241 B.R. 673, 679 (Bkrtcy. D. Idaho 1999); *In re Bowman*, 253 B.R. 233, 240 8th Cir. BAP 2000).) In *Bowman, supra*, a case strikingly similar to the instant case, the bankruptcy court granted relief from stay based upon 11 U.S.C. § 362(d)(2) and the Debtors thereafter obtained a new appraisal, put together a new plan, and filed a motion for reconsideration. The bankruptcy court denied the motion and the appellate court affirmed. In so doing, the appellate court held as follows:

> . . . .[T]he Debtors had several months prior to the . . . hearing to secure a written report reflecting the [new] appraisal. This failure to obtain a written report is yet another instance of the Debtors dragging their feet in this case. As for the liquidation plan, the notion of liquidating the Debtor's assets was admittedly new, but Rule 60(b)(2) is not intended to give a debtor relief from a bankruptcy court's previous order every time it comes to court with a new plan. The Debtors had ample opportunity to present a feasible plan of reorganization to the bankruptcy court before and at the . . . hearing. . . . (*Bowman, supra*, 253 B.R. at p. 240.)

Similarly, in this case, none of the evidence submitted by the Debtor is "newly discovered" as defined by Rule 60. Indeed, with the exception of possibly one, the declarations submitted by the Debtor in support of this Motion are all from individuals with a longstanding relationship with the Debtor, as either tenants in the Debtor's real property since 2005, [*see*

-3-

*Declaration of Allen Zheng, p.1:24-27; Declaration of Sherry Yin, p.1:24-27; Declaration of Bonnie Asano, p. 1:24-26; Declaration of Fan Wen, p. 2:3-4*], or as principal of the Debtor itself. [*Declaration of Booker Wade*.] The Debtor filed the instant bankruptcy in 2009, and has filed three proposed plans since then, all of which alluded to leasing up the Property and none of which were confirmed, in large part, due to the Debtor's inability to prove feasibility. Thus, plan feasibility has been at issue for over a year and yet, it is not until now, that the Debtor obtains and submits these declarations. If these declarations represent the means by which Debtor planned to demonstrate feasibility, it is difficult to conceive of a reason, other than complete lack of diligence, as to why it did not obtain and submit them earlier. As in *Bowman, supra*, The Debtor has had ample opportunity to present a feasible plan of reorganization, and all of the evidence which would support it, and it failed to do so. No legal justification exists, at this late date, on this eleventh hour, to modify this Court's order based upon such untimely submission of evidence that has seemingly been available all along.

**D. EVEN IF THIS COURT COULD PROPERLY ENTERTAIN THIS MOTION AND THE EVIDENCE SUBMITTED IN SUPPORT THEREOF, THE MOTION FAILS ON ITS MERITS.**

First, the Debtor's challenge to Sterling's position as to the equity in the Property is untimely, irrelevant and baseless. Sterling has filed, and the Debtor has opposed, two motions for relief from stay. In support of both motions, Sterling proffered evidence as to the Debtor's lack of equity and the Debtor wholly failed to offer any opposition thereto. As is set forth above, no justification exists to allow it to do so now for the first time.

Moreover, even if the Debtor could somehow prove that the subject real property (1010 Corporation Way, Palo Alto, CA) (the "Property") is worth $4.3 Million, the Debtor still has no equity. As was clearly demonstrated in Sterling's moving papers in support of its motion for relief from stay, the Property is encumbered with over $4,115,794.39 in secured debt, including $135,907.99 in delinquent property taxes. Sales commissions and closing costs would easily consume any equity above the $4,115,794.39 in secured liens. Thus, the Debtor has no equity in the Property, and cannot legitimately claim otherwise.

Additionally, as with all prior plans, the Debtor's purported "fourth plan," continues to be

based upon sheer speculation as to what the real estate market will do over the next five years. The "effective reorganization" component in a motion for relief from stay requires a showing by the debtor that a proposed plan as a realistic chance of being confirmed. (*In re Sun Valley Newspapers, Inc.* 171 B.R. 71, 75 (9th Cir. BAP 1994).) The burden of proof on a debtor in this regard is to "offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'plausible.'" (*Ibid.*) It is not enough for the debtor to simply argue that the automatic stay should continue because it needs the property in order to propose a reorganization. (*La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); s*ee also, United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 375-76.) Here, reading between the lines of the quagmire of paperwork, it remains clear that the Debtor continues to rely upon speculation for the market to improve and the money to start flowing. The Debtor simply cannot prove that a realistic chance for plan confirmation anytime in the foreseeable future exists. This is simply yet another delay tactic and the Court should not be persuaded otherwise.

**E. THE DEBTOR'S PURPORTED CONCERN FOR ARLENE STEVENS SHOULD BE DISREGARDED BY THIS COURT.**

The Court should also not be persuaded by the Debtor's feigned concern for Arlene Stevens. To say that the relationship between the Debtor's principal, Booker Wade, and Arlene Stevens is strained, would be a gross understatement. The record in this case is replete with evidence of the acrimonious breakup of their personal and business relationship. Neither the Debtor nor Mr. Wade is concerned with Ms. Stevens' well being. Representations to the contrary are disingenuous, at best. Moreover, Arlene Stevens has appeared repeatedly in these proceedings. If she were opposed to Sterling proceeding to sale, she has proven she has the ability to make her voice heard. She has not, at any time, opposed either of Sterling's motions for relief.

Moreover, one of the main reasons this Court granted Sterling relief from stay is that Sterling also has a valid lien against $645,000 belonging to Arlene Stevens, which Sterling is prepared to levy upon. Sterling has a judgment against Ms. Stevens, and a writ of execution ready to be served, and Sterling's counsel advised Judge Weissbrodt of same at the time of the hearing.

In response, after much deliberation, in exchange for granting relief from stay, Judge Weissbrodt extracted a promise from Sterling to forgo its efforts to levy upon those funds provided Sterling is able to go to sale on May 31, 2011. If this Court now undoes that deal and grants the instant Motion, thereby interfering with Sterling's May 31, 2011 sale, Sterling will be entitled to pursue those funds and intends to do so.

### III. CONCLUSION

No legal basis exists for this Court to undo what Judge Weissbrodt and the parties to this case have done over the course of the last 20 months. This Court lacks jurisdiction to hear this Motion. This Court has not been provided with any justification for the delinquent nature of this Motion. This Court has not been provided with a valid basis for granting this Motion. The Motion constitutes nothing more than another attempt by the Debtor to delay and interfere with Sterling's legal rights under its loan to the Debtor, a loan which has been in default since 2008. For all of these reasons, as well as others that may be asserted at the hearing, Sterling urges this Court to deny this Motion.

Dated: May 27, 2011

Respectfully submitted,

ABBEY, WEITZENBERG,
WARREN & EMERY

By: /s/ Rachel K. Stevenson
Rachel K. Stevenson
Attorneys for Sterling Savings Bank

# PROOF OF SERVICE

I am a citizen of the United States and employed in the County of Sonoma, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 100 Stony Point Road, Suite 200, Santa Rosa, California 95401.

On the date listed below, I served the following document(s):

**STERLING SAVINGS BANK'S OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR STAY**

on the interested parties in this action by electronic mail addressed as follows:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 27, 2011, at Santa Rosa, CA.

*/s/ Rachel K. Stevenson*
Rachel K. Stevenson

**SERVICE LIST**
**TV-32 DIGITAL VENTURES, INC.**
**CASE NO. 09-058098**

| | |
|---|---|
| TV-32 Digital Ventures, Inc.<br>1010 Corporation Way<br>Palo Alto, CA 94303-4304<br>bookerwade@hotmail.com | Debtor |
| Booker T. Wade<br>1010 Corporation Way<br>Palo Alto, CA 94303-4304<br>bookerwade@hotmail.com | Responsible Individual |
| Matthew J. Shier<br>Pinnacle Law Group<br>425 California Street, #1800<br>San Francisco, CA 94104<br>mshier@pinnaclelawgroup.com | Debtor's Attorney |
| Office of the U.S. Trustee/SJ<br>U.S. Federal Building<br>280 S. 1st Street, #268<br>San Jose, CA 95113-3004<br>John.Wesolowski@usdoj.gov | U.S. Trustee |
| Edwin Joe, Esq.<br>Special Assistant U.S. Attorney<br>United States Attorney's Office<br>455 Market Street, Ste. 600<br>San Francisco, CA 94105<br>edwin.joe@sba.gov | Attorney for Small Business Administration |
| Arlene Stevens<br>P.O. Box 51310<br>Palo Alto, CA 94303<br>prevalere@hotmail.com | Creditor |